IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>RAMON GARCIA,<br><br>            Defendant. | 4:13-CR-3130<br><br>ORDER |

      The defendant has moved for a sentence reduction (filing 446) pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and U.S.S.G. § app. C, amend. 782. The Court will deny the defendant's motion.

      The Court sentenced the defendant to 292 months' imprisonment, filing 177 at 2, which was at the bottom of the Sentencing Guidelines range, filing 178 at 1. Drug quantity had been contested at sentencing. *See* filing 208. The Court found that the defendant was responsible for 20.412 kilograms of a mixture containing methamphetamine, or 17.45 kilograms of actual methamphetamine, resulting in a base offense level of 38 under the Sentencing Guidelines in effect at the time. Filing 208 at 209-12. That combined with a 3-level enhancement for the defendant's role in the conspiracy, a 2-level enhancement for maintaining a stash house, and a 3-level reduction for acceptance of responsibility, for a total offense level of 40. Filing 174 at 10; filing 178 at 1, filing 208 at 212-16.

      Amendment 782 had the effect of changing the base offense level in the drug quantity table in U.S.S.G. § 2D1.1(c). Generally, it implemented a 2-level reduction in the offense level assigned to each drug quantity. And Amendment 782 was made retroactive pursuant to § 1B1.10(d), meaning that many defendants have been eligible for sentencing reductions based on the amended Guidelines.

      But not every defendant is eligible. Pursuant to § 1B1.10(b)(1), in determining whether a defendant's sentence should be reduced, the first step is for the Court to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." And in this case, the defendant's guideline range would be the same.

      At the time of the defendant's sentencing, a base offense level of 38 could be triggered by 15 kilograms or more of methamphetamine, or 1.5

kilograms or more of methamphetamine (actual). *See* § 2D1.1(c)(1) (2013). Under the amended guideline, a base offense level of 38 is triggered by 45 kilograms or more of methamphetamine, or 4.5 kilograms or more of methamphetamine (actual). And at sentencing, as set forth above, the Court determined that the defendant was responsible for 17.45 kilograms of methamphetamine (actual). That is still more than sufficient to trigger a base offense level of 38.[1]

Because the defendant's amended guideline range is unaffected by Amendment 782, he is not eligible for a reduction under § 3582(c)(2) and § 1B1.10. His motion for a sentence reduction will be denied.

IT IS ORDERED:

1. The defendant's motion for a sentence reduction (filing 446) is denied.

2. The Clerk of the Court shall provide a copy of this order to the defendant at his last known address.

Dated this 28th day of October, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[1] The Court recognizes that the retroactive sentencing worksheet (filing 468) prepared by the probation office reflects a reduction from 38 to 36. That calculation, however, was based on the drug quantity from the presentence report, not the Court's findings regarding drug quantity based on the evidence presented at an extensive sentencing hearing. *Compare* filing 468 *with* filing 174 at 8.