IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>RAMON GARCIA,<br><br>                    Defendant. | 4:13-CR-3130<br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 509) filed by the defendant, Ramon Garcia. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

BACKGROUND

The defendant was charged with a single count of conspiring to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. § 841. Filing 6. He petitioned to plead guilty, acknowledging in his petition that he faced a mandatory minimum of 10 years' imprisonment, and up to a life sentence. Filing 57 at 6. And at his change of plea hearing, he was advised—and said that he understood—that he would be sentenced to at least 10 years' imprisonment and possible life imprisonment. Filing 105 at 5-6, 10. He was also advised regarding the sentencing guidelines, and that the sentencing court would consider "such things as how much drugs were involved" and "whether [he] played a leadership or managerial role in the sale of drugs[.]" Filing 105 at 10-11. Again, he said he understood. Filing 105 at 11. And he pled guilty to the charge against him. Filing 105 at 22.

The presentence report found that the defendant was accountable for 34.5 kilograms of methamphetamine mixture, resulting in a base offense level of 38. Filing 174 at 10. The presentence report also found that the defendant was a manager or supervisor of the conspiracy, and had maintained a premises for the purpose of manufacturing or distributing a controlled substance, enhancing the offense level. Filing 174 at 10. The defendant, through counsel, objected to those aspects of the presentence report. Filing 140. As a result of that objection, the Court held a 2-day sentencing hearing, receiving several exhibits and hearing testimony from six witnesses. Filing 169; filing 170; filing 208. Based on the evidence, the Court overruled the defendant's objections. Filing 208 at 208-216. The Court found a total offense level of 40 and a guideline range of 292 to 365 months, and sentenced the defendant to 292 months' imprisonment. Filing 177 at 2; filing 178 at 1.

The defendant, through counsel, appealed to the Eighth Circuit. Filing 181. The Court of Appeals affirmed the Court's judgment. *United States v. Garcia*, 774 F.3d 472 (8th Cir. 2014).

DISCUSSION

The defendant claims that his counsel was constitutionally ineffective. To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the

Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

In the context of a challenge to a guilty plea, the deficient performance and prejudice are demonstrated if the defendant can prove that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985); *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011).

The defendant raises two separate ineffective assistance of counsel claims: he asserts that counsel was ineffective (1) in failing to object to the Court's drug quantity determination, and (2) failing to assert a policy-based motion for variance from the Sentencing Guidelines. Filing 509 at 35, 46. The Court finds no merit to either claim.[1]

## DRUG QUANTITY DETERMINATION

The defendant contends that counsel was ineffective in "failing to object to the District Court's drug quantity determination in violation of subsection 1B1.3 (a)(2) (Relevant Conduct) and 2D1.1, application note 12 . . . ." Filing 509 at 35. He complains that the Court's drug quantity calculation was wrong, because he was held responsible for the entire conspiracy, and that "[c]ounsel provided deficient performance by not requesting a finding of a

---

[1] The defendant also suggests, in passing, that counsel did not petition for certiorari from the Supreme Court, despite being asked to do so. Filing 509 at 29. To the extent that the defendant is claiming this was ineffective assistance, the claim is without merit: the defendant had no right to assistance of counsel in filing a certiorari petition in the Supreme Court. *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008). And even if counsel had performed deficiently, in order to prove prejudice the defendant would have to establish a reasonable probability that a writ of certiorari would have issued and that he would have obtained relief from his sentence. *Id*. at 988-89. He has not alleged the existence of a cert-worthy issue, much less one on which he had any reasonable likelihood of prevailing. *See id*.

specific amount of drugs so Defendant's relevant conduct could be properly measured." Filing 509 at 35. And he says that "counsel did not zealously defend Defendant's position as a gram and ounce dealer of methamphetamine . . . ." Filing 509 at 39.

The obvious problem with this claim is that counsel *did* object to the drug quantity determination. Counsel held the government to its burden of proof, and aggressively asserted the defendant's position during a 2-day sentencing hearing. The Court simply found the government's evidence persuasive. But the Court can find no deficiency in counsel's performance.

The defendant's argument with respect to the drug quantity for which he was responsible seems to be based on a misunderstanding of the law. He asserts that the Court "should have found a specific number of kilograms of methamphetamine involved in this conspiracy and then find responsibility among the co-conspirators because by stating the conspiracy involved 15 kilograms or more allows the government to hold everyone accountable for these amount of drugs." Filing 509 at 35. He contends that just because he "was involved in a conspiracy it does not follow that he should be held responsible for the entire amount of drugs that were attributed to the scope of the conspiracy." Filing 509 at 36.

The Court agrees that a member of a drug conspiracy is only responsible for all *reasonably foreseeable* actions of a conspiracy. *United States v. Yellow Horse*, 774 F.3d 493, 497 (8th Cir. 2014). But that was precisely what the Court found at sentencing, explaining that:

> Now, as to my findings and rulings with respect to each of the defendant's objections, the first objection -- with respect to the defendant's first objection, drug quantity determinations under Guideline Section 2D1.1, in a drug conspiracy a defendant is held responsible for all reasonable foreseeable drug quantities that were within the scope of the criminal activity that he jointly undertook. The following findings that I'm going to make are made by a preponderance of the evidence in that the activity involving this methamphetamine was clearly in furtherance of the conspiracy that the defendant has pled guilty to and the quantities of the methamphetamine were either known to the defendant or certainly they were reasonably foreseeable to him.

Filing 208 at 209. The defendant may disagree with those findings,[2] but he has not shown what, if anything, his counsel should have done differently, nor has he shown any resulting prejudice.

The only particular deficiency the defendant points to is counsel's failure to provide the probation office with a version of the offense. Filing 509 at 38-39; *see* filing 174 at 7. He argues that

> [f]urnishing the probation office with defense's calculations of the drug amounts as the amounts reasonably foreseeable to Defendant, in this conspiracy, would be in opposition to the government's drug amounts. The probation office could then bring to this Honorable Court's attention the Defense's position and make findings accordingly. Counsel was deficient in not including this very important document of version of facts to Defendant's presentence report.

Filing 509 at 38-39. But that is no basis for relief: even if that was deficient performance, the defendant was not prejudiced when the Court's determination as to drug quantity was based, not on the presentence report, but on the substantial body of evidence presented at the sentencing hearing. Furthermore, if the defendant had a version of the offense that he thought should have been presented, he had the opportunity to address the Court at sentencing, which he declined. Filing 208 at 222.

The defendant also suggests that counsel misled him into believing that he was pleading guilty to 500 grams to 1.5 kilograms of methamphetamine. Filing 509 at 40. But that *is* the charge he was pleading guilty to. And at his change of plea hearing, as described above, the possible sentences for that offense were clearly explained to him. To the extent that the defendant might be implying that his guilty plea resulted from ineffective assistance of counsel, that claim is without merit: even if counsel gave the defendant the

---

[2] Although initially couched in terms of ineffective assistance of counsel, much of the defendant's motion seems to be questioning the Court's actual findings of fact at sentencing. To the extent that the defendant is attempting to assert sentencing error, that claim is without merit for three reasons. First, the Court's findings of fact were consistent with the law and supported by the evidence. Second, the alleged insufficiency of the evidence regarding drug quantity was raised in the Eighth Circuit and rejected by that court, and claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to § 2255. *Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012); *see United States v. Lee*, 715 F.3d 215, 224 (8th Cir. 2013). And finally, sentencing error is not cognizable under § 2255 unless the sentence is in excess of that authorized by law, *i.e.*, imposed without, or in excess of, statutory authority. *Sun Bear v. United States*, 644 F.3d 700, 704-06 (8th Cir. 2011) (en banc).

wrong impression about the length of sentence, it is insufficient to render a plea involuntary as long as the Court informed the defendant of his maximum possible sentence. *United States v. Granados*, 168 F.3d 343, 345 (8th Cir. 1999); *see Tinajero-Ortiz*, 635 F.3d at 1104-05.

POLICY-BASED MOTION FOR VARIANCE

The defendant's other claim is that counsel was ineffective "when he did not request a variance due to the fact that other Judges in the Eighth Circuit have policy disagreements with the methamphetamine guidelines as being excessively harsh in violation of *Kimbrough v. United States*, 552 U.S. 85 (2007)." Filing 509 at 46. The defendant says that he "finds it peculiar that an attorney from the District of Nebraska would be unaware of the Kimbrough line of authority with respect to policy disagreements and how Eighth Circuit district court judges are varying from these excessively harsh methamphetamine sentences." Filing 509 at 50. And he asserts that had the Court been "made aware of the sentencing practices of other courts, especially in the same circuit," the Court would have imposed a lesser sentence. Filing 509 at 51.

This claim has no merit. The Court is, and was, well-aware of its authority to categorically reject a Guideline based upon policy grounds. *See United States v. Abraham*, 944 F. Supp. 2d 723, 727-28 (D. Neb. 2013) (citing *Kimbrough*, 552 U.S. at 109). But the undersigned has repeatedly refused to reject the methamphetamine guideline, despite being invited to do so. *See United States v. Munoz-Ramon*, No. 8:13-CR-244 (D. Neb. filed Sept. 17 and Nov. 24, 2014), *aff'd*, 614 F. App'x 857 (8th Cir.), *cert. denied*, 136 S. Ct. 700 (2015); *see also*, *United States v. Carlos*, No. 4:14-CR-3109 (D. Neb. filed July 21, 2015); *United States v. Gallegos Loaiza*, No. 4:13-CR-3130 (D. Neb. filed July 8, 2015). Counsel did not perform deficiently in failing to make this argument, but even if he had, there is no possibility the defendant was prejudiced.

CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the

constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1.  The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 509) is denied.

2.  The Court will not issue a certificate of appealability in this matter.

3.  A separate judgment will be entered.

4.  The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 31st day of October, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge

- 7 -